# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN S. KAMINSKI, | : | |
|     Plaintiff, | : | No. 3:19-cv-143 (SRU) |
| | : | |
| v. | : | |
| | : | |
| SEMPLE, et al., | : | |
|     Defendants. | : | |

## INITIAL REVIEW ORDER

John S. Kaminski ("Kaminski"), currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983 challenging the provision of legal assistance to Connecticut inmates. He names three defendants: former Commissioner Semple; former Attorney General George Jepsen; and Attorney Walter Bansley IV, the Inmate Legal Assistance Contractor. Kaminski seeks declaratory relief only. ECF No. 1 at 30. Kaminski asserts a claim for denial of due process and violation of his right of access to the courts through the denial of access to legal resources. Kaminski's complaint was received on January 31, 2019, and his motion to proceed *in forma pauperis* was granted on February 6, 2019.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the

claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I. <u>Allegations</u>

Kaminski does not include in his complaint a concise statement of the facts underlying his claims. A state criminal matter, #04-0214486, was nolled shortly after Kaminski was sentenced in another matter in 2004. The nolle was entered through an agreement between Kaminski's attorney, Martin Rizzi, and the prosecutor, Paul Rotiroti. ECF No. 1 at 9, 33. Kaminski believes that the nolled case supports his challenge to his conviction.

The nolled case was overlooked by appointed appellate counsel, Arthur Ledford; first appointed habeas counsel, John Drapp; and second appointed habeas counsel, Jennifer Smith. *Id.* at 33. Kaminski filed a motion for removal of second habeas counsel. *Id.* at 8. The court permitted counsel to file an *Anders* brief and withdraw her representation. *Id*. Proceeding *pro se*, Kaminski discovered the nolled case. *Id.* at 15.

While proceeding *pro se*, Kaminski filed a petition for writ of mandamus in state court to obtain access to legal research materials. The petition was denied. *Id.* at 17, 19-21.

II.   Analysis

   A.   Declaratory Relief

Kaminski states that he sues defendants Semple and Jepsen on his claims for denial of access to the courts and denial of due process only for declaratory relief. ECF No. 1 at 1, 30.

Declaratory relief operates prospectively. It is intended to enable parties to adjudicate claims before either party suffers significant damages. *Orr v. Waterbury Police Dep't*, 2018 WL 780218, at *7 (D. Conn. Feb. 8, 2018) (citations omitted). In *Orr*, the court dismissed the request for declaratory relief because the request related only to past actions; the plaintiff had not identified any legal issue that could be resolved by declaratory relief. *Id.*

Kaminski states that he has named defendants Semple and Jepsen because they were serving as Commissioner of Correction and Attorney General during the relevant period. *Id.* at 26-27. This indicates that Kaminski is seeking declaratory relief relating to past actions. Thus, the request is inappropriate and the claims against defendants Semple and Jepsen are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

   B.   Defendant Bansley

Kaminski names Attorney Walter Bansley IV, in his capacity as the Inmate Legal Assistance Contractor. In that capacity, Attorney Bansley provides legal assistance to inmates in civil cases just as the public defender provides assistance in criminal and state habeas cases.

To state a claim under section 1983, Kaminski must allege facts showing that the defendant acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant acts under color of state law when he exercises "some right or privilege created by the State … or by a person for whom the State is responsible," and is "a person who may fairly be

3

said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The plaintiff must identify a "*sufficiently* close nexus between the State and the challenged action" so the actions of the private defendant may fairly be attributed to the State. *Chan v. City of New York*, 1 F.3d 96, 106 (2d. Cir. 1993) (citation and internal quotation marks omitted), *cert. denied*, 510 U.S. 978 (1993).

The Supreme Court has identified several factors relevant to an attribution of private activity as state action.

> We have, for example, held that a challenged activity may be state action when it results from the State's exercise of "coercive power," when the State provides "significant encouragement, either overt or covert," or when a private actor operated as a "willful participant in joint activity with the State or its agents." We have treated a nominally private entity as a state actor when it is controlled by an "agency of the State," when it has been delegated a public function by the State, when it is "entwined with government policies," or when government is "entwined in [its] management of control."

*Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001) (internal citations omitted).

None of the enumerated factors supports a finding that Attorney Bansley is a state actor. A private attorney, or law firm, does not become a state actor merely because he is an officer of the court or has been appointed to represent an indigent litigant. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981) (holding that lawyer does not act under color of state law merely because he is an officer of the court). Nor does a public defender or court-appointed attorney act under color of state law. *Brown v. Legal Aid Soc'y*, 367 F. App'x 230, 231 (2d Cir. 2010) ("A 'public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding'") (quoting *Dodson*, 454 U.S. at 325);

4

*Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) ("a legal aid society ordinarily is not a state actor amenable to suit under § 1983"); *Lefcourt v. Legal Aid Soc'y*, 445 F2d 1150, 1157 (2d Cir. 1971) (although Legal Aid Society provides services that otherwise would be provided by the State, it does not act under color of state law).

Kaminski alleges that Attorney Bansley and his firm provide legal assistance to Connecticut inmates under contract with the Department of Correction. In that capacity, they act as the State's adversary, not its advocate. Kaminski fails to allege facts suggesting that the actions taken by Attorney Bansley are orchestrated by the State or the Department of Correction, or that any state official coerced him into representing any inmate in a particular manner. Thus, Attorney Bansley is not a state actor and all claims against him are dismissed. *See Hannon v. Schulman and Associates*, No. 13-CV-583 (JAM), 2015 WL 3466847, at *3 (D. Conn. June 1, 2015) (dismissing complaint on initial review because attorneys working for the firm providing legal assistance to Connecticut inmates under a prior contract with the Department of Correction were not state actors).

C.   Right of Access to the Courts and Due Process

To the extent that the request for declaratory relief may operate prospectively to require provision of access to legal materials in the future, the claim is not cognizable.

Kaminski asserts claims for violation of his right of access to the courts and for denial of due process. Kaminski's focus appears to be his inability to obtain legal research materials to pursue his state habeas action once he decided to forgo representation by the appointed special public defender. It is well settled that inmates have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821, 828

(1977)). That right "may not be unreasonably obstructed by the actions of prison officials." *Baker v. Weir*, No. 3:16-cv-166 (JAM), 2016 WL 7441064, at *2 (D. Conn. Dec. 27, 2016) (citing *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986)); *see also City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 397 (2d Cir. 2008) ("constitutional right of access to the courts is violated where government officials obstruct legitimate efforts to seek judicial redress").

To state a claim for denial of access to the courts, Kaminski must show that he suffered an actual injury as a result of the conduct of the defendants. *Id.* at 351-55. To establish an actual injury, Kaminski must allege facts showing that the defendant took actions or was responsible for actions that "deprived him … of an opportunity to press some nonfrivolous and arguable legal claim in court." *Brown v. Choinski*, No. 09-cv-1631 (MRK), 2011 WL 1106232, at *5 (D. Conn. Mar. 23, 2011). The Supreme Court has rejected, however, the idea that the prisoner must be afforded the means to litigate effectively once his case is filed. *Lewis,* 518 U.S. at 354. In addition, Kaminski must show that the defendants acted deliberately and maliciously. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003).

In Connecticut, legal assistance in state criminal matters and habeas corpus actions is provided by the Office of the Public Defender and legal assistance in civil matters relating to conditions of confinement is provided by Inmate Legal Aid Program. If an inmate chooses to forgo that assistance and represent himself, the Department of Correction has no obligation to provide other legal services to assist the inmate. *Santiago v. Whidden*, No. 3:10-cv-1839 (VLB), 2012 WL 668996, at *4 (D. Conn. Feb. 29, 2012) (citing *United States v. Sykes,* 614 F.3d 303, 311 (7th Cir. 2010) ("a defendants who declines appointed counsel and instead invokes his

6

constitutional right to self-representation ... 'does not have a right to access to a law library'"); *State v. Fernandez,* 254 Conn. 637, 658 (2000) (criminal defendant who waives right to counsel and has been appointed standby counsel is not constitutionally entitled to access to law library)); *see also United States v. Chatman,* 584 F.2d 1258, 1360 (4th Cir. 1978) (in considering claim of prisoner who complained of lack of materials in prison library after electing to proceed without assistance of counsel, court concluded that government had no obligation to provide legal materials and declined to read *Bounds* to give prisoner option regarding form of legal assistance he receives).

In *Spates v. Manson,* 644 F.2d 80 (2d Cir. 1981), the Second Circuit considered claims challenging the adequacy of the prison law library. The court held that the Sixth Amendment right to self-representation in a criminal proceeding "does not carry with it a right to state-financed library resources where state-financed legal assistance is available." *Id.* at 84–85. Kaminski is a convicted prisoner. His claim involves a state habeas action, not a criminal trial. Kaminski has no constitutional right to an attorney in a state post-conviction proceeding. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Thus, any argument that Kaminski was deprived of his right to assistance of counsel through the denial of access to legal research materials fails.

Kaminski was proceeding *pro se* because he was not satisfied with his appointed attorney's performance. Because Kaminski's ability to file his state habeas action was not impeded, the claim appears to allege that he is unable to litigate effectively, a claim not cognizable under *Lewis.* Kaminski has not shown that he was denied the ability to file a

potentially successful claim in court, so he has not alleged a cognizable claim for denial of access to the courts regarding his state habeas action.

Kaminski generally asserts a claim for denial of due process. He does not specify whether his claim is for violation of his right to substantive or procedural due process. Because he has not identified any process he was denied, the Court assumes that Kaminski asserts a substantive due process claim.

"Substantive due process protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against a government action that is 'incorrect or ill-advised.'" *Cunney v. Board of Trustees of Village of Grand View, N.Y.*, 660 F.3d 612, 626 (2d Cir. 2011) (citing *Kaluczky v. City of White Plains,* 57 F.3d 202, 211 (2d Cir. 1995)). Thus, "[s]ubstantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority." *Id.* (quoting *Natale v. Town of Ridgefield,* 170 F.3d 258, 263 (2d Cir. 1999) (internal quotation marks omitted).

Kaminski has no federal constitutional right to a law library or representation in a state post-conviction proceeding. The court can discern no government action so egregious that it rises to the level of a substantive due process violation.

## CONCLUSION

The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b) for failure to state plausible claims for relief. The Clerk is directed to enter judgment and close this case.

In light of the dismissal of this case, Kaminski's motion for appointment of counsel [**ECF No. 3**] is **DENIED** as moot.

So ordered.

Dated at Bridgeport, Connecticut, this 2nd day of April 2019.

                                              /s/ STEFAN R. UNDERHILL
                                              Stefan R. Underhill
                                              United States District Judge