# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN S. KAMINSKI, | : | |
|     Plaintiff, | : | No. 3:19-cv-143 (SRU) |
| | : | |
| v. | : | |
| | : | |
| SEMPLE, et al., | : | |
|     Defendants. | : | |

**RULING ON MOTION FOR RECONSIDERATION**

Plaintiff, John S. Kaminski ("Kaminski"), currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983 challenging the provision of legal assistance to Connecticut inmates. Kaminski named three defendants: former Commissioner Semple; former Attorney General George Jepsen; and Attorney Walter Bansley IV, the Inmate' Legal Assistance Contractor. Kaminski asserted claims for denial of due process and violation of his right of access to the courts through the denial of access to legal resources and sought only declaratory relief.

On April 2, 2019, I dismissed the complaint for failure to state a plausible claim. I dismissed the requested relief because declaratory relief is not available to address past constitutional violations. In addition, I explained that defendant Bansley is not a state actor and Kaminski failed to allege facts that would support cognizable claims for denial of access to the courts or violation of his right to substantive due process. ECF No. 9. Kaminski now has filed a motion for reconsideration of the dismissal of his claims.

The standard for granting reconsideration is strict. Reconsideration will be granted only

if the moving party can identify controlling decisions or data that the Court overlooked and that would reasonably be expected to alter the Court's decision. *See Oparah v. New York City Dep't of Educ.*, 670 F. App'x 25, 26 (2d Cir. 2016) (citing *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* D. Conn. L. R. 7(c) (requiring the movant to file along with the motion for reconsideration "a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked").

There are three grounds for granting a motion for reconsideration: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). If the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion," reconsideration is appropriate. *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (per curiam). However, a motion for reconsideration should be denied when the movant "seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *Waller v. City of Middletown*, 89 F. Supp. 3d 279, 282 (D. Conn. 2015).

In his motion, Kaminski states that he would like to submit an affidavit to validate his complaint and show that the violations of due process and his right of access to the courts were deliberate. That is not a proper use of a motion for reconsideration. Reconsideration is available only if the Court overlooked facts presented in the complaint that would alter the Court's decision. Kaminski does not identify or allude to any such facts. Instead, he seeks to revise his complaint and obtain a "second bite of the apple." *Gustavia Home, LLC v. Rice*, 724 F. App'x 87, 88-89 (2d Cir. 2018).

Kaminski does not identify any facts or law that I overlooked in dismissing the complaint as he is required to do when filing a motion for reconsideration.  In addition, Kaminski does not identify any basis for awarding declaratory relief, the only relief requested in the Complaint.  Thus, his motion for reconsideration is denied.  If Kaminski believes that there are facts that give rise to a valid cause of action or declaratory judgment, however, he may file an amended complaint within 30 days of this order.

Kaminski's motion for reconsideration [**ECF No. 12**] is **DENIED.**

So ordered.

Dated at Bridgeport, Connecticut, this 7th day of May 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge